IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OSCAR GARCIA-RODRIGUEZ<br>ALINA CASTRO-CAMACHO, in their<br>personal capacity and on behalf of their son<br>OSCAR GARCÍA-CASTRO<br><br>Plaintiffs<br><br>vs<br><br>OBER GATLINBURG SKI RENTAL<br>X, INC. d/b/a OBER GATLINGBURG<br>SKI RESORT & RENTAL<br>ABC INSURANCE COMPANY<br><br>Defendants | CIVIL 05-2352CCC |

# O R D E R

      This is a diversity action sounding in tort.  Plaintiffs are Oscar García-Rodríguez (Oscar Sr.), his spouse Alina Castro-Camacho and their minor child Oscar García-Castro (Oscar Jr.). Defendant is Ober Gatlingburg Ski Resort & Rental (Ober).[1]  Before the Court now is the Special Limited Appearance and Motion to Dismiss filed by Ober on May 1, 2006 (docket entry 2), which remains unopposed by plaintiffs.  Ober asserts that personal jurisdiction is lacking, and the action must be dismissed, because it does not have the constitutionally required minimum contacts with Puerto Rico that would make it amenable to be sued here.

      We start by reciting the relevant facts, which as we are ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing are determined under the "prima facie" standard.  See United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir.1993).  "Under this standard, it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."  Id., at 44 (internal quotation marks omitted).

---

[1] An unidentified insurance company was also sued, but since it was not identified and served with process within the timeframe established by Fed.R.Civ.P. 4(m) the claims against it were dismissed.  See docket entry 4.

CIVIL 05-2352CCC                                              2

"The prima facie showing must be based upon evidence of specific facts set forth in the record." Id. To meet this requirement, the plaintiff must "go beyond the pleadings and make affirmative proof." Id. (internal quotation marks omitted). "We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Mass. School of Law at Andover v. American Bar, 142 F.3d 26, 34 (1st Cir. 1998).

According to the allegations of the complaint, on December 31, 2004 plaintiffs visited the facilities of defendant, a ski resort located in Gatlinburg, Tennessee. After Oscar Sr. and Oscar Jr. rented ski gear, they sat at an ski lift to begin enjoying their first-ever skiing adventure. Once at the ski lift, it appears that none of Ober's employees pulled down its safety bar nor were there visible signs instructing both Oscars how to do it themselves. When the ski lift started to climb, Oscar Jr. slipped and fell from an approximate altitude of 35 feet, suffering various injuries.

The Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. §1746 subscribed by Jerry Huskey, Ober's Director of Human Resources and Risk Manager, which is attached to Ober's dismissal motion, establishes that Ober owns no property in the Commonwealth of Puerto Rico, does not transact any business directly or indirectly within the Commonwealth, conducts no activities or business within its borders, and has not purposely availed of the privilege of conducting activities in Puerto Rico nor has it invoked the benefits of protections of the Commonwealth's laws. See Exhibit A to docket entry 2.

A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). "Specific personal jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum based contacts." Id., at 1088-89. The existence of specific personal

CIVIL 05-2352CCC                                                    3

jurisdiction depends, in turn, upon the plaintiff's ability to satisfy two cornerstone conditions: "first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). The second cornerstone condition "implicates three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). Relatedness is satisfied if the claim underlying the litigation directly arises out of, or relate to, the defendant's forum state activities. Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001). The second component requires those in-state contacts to represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Id. Reasonableness is determined by applying what the Court of Appeals has called Gestalt factors. Id. These factors, five in all, are: the plaintiff's interest in obtaining convenient and effective relief; the burden imposed upon the defendant by requiring it to appear, the forum's adjudicatory interest, the interstate judicial system's interest in the place of adjudication, and the common interest of all affected sovereigns, state and federal, in promoting substantive social policies. Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir.1990). See also Burger King v. Rudzewicz, 471 U.S. 462, 477 (1985).

We need not belabor on an extended discussion of all these factors in relation to this case, however, since it is plainly evident from the allegations of the complaint that the events at issue took place in Tennessee, and the sworn declaration of Ober's representative undisputedly establishes that defendant Ober has never had any contacts with Puerto Rico or has engaged in any type of activity here. Thus, there is simply no personal jurisdiction in this Court over defendant Ober.

CIVIL 05-2352CCC                                         4

    Accordingly, Ober's Special Limited Appearance and Motion to Dismiss (docket entry 2) is hereby GRANTED. Judgment shall be entered by separate order DISMISSING this action, without prejudice, for lack of personal jurisdiction over defendant.

    SO ORDERED.

    At San Juan, Puerto Rico, on May 26, 2006.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge